**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LUCILLE ABERCROMBIE, )<br>)<br>Plaintiff, )<br>) No. 05 C 6145<br>v. )<br>) Judge Matthew H. Kennelly<br>WELLS FARGO BANK, N.A.; )<br>)<br>Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Lucille Abercrombie, submits the following memorandum in opposition to defendant's motion to dismiss.

**INTRODUCTION**

Ms. Abercrombie is a consumer-borrower who obtained a mortgage loan secured by her residence in March, 2005 from defendant Wells Fargo Bank, N.A. ("Wells Fargo") for personal, family and household purposes. (Cmplt, ¶¶ 6-7). Her property contains more than one dwelling unit. Wells Fargo had Ms. Abercrombie sign a form document entitled "1-4 Family Rider," which purported to create a security interest not only in Ms. Abercrombie's real property but also in all of her personal property located at her address. (Cmplt., ¶9, Exhibit C) However, Wells Fargo did not disclose, on the Truth In Lending disclosure statement it provided to the Ms. Abercrombie, the security interest taken in all of her personal property. (Cmplt., ¶10, Exhibit E)

Ms. Abercrombie has alleged that this failure to disclose a security interest in personal property on the Truth in Lending Statement violated the Truth in Lending Act (hereinafter "TILA"), 15 U.S.C. § 1601 and § 1637 and implementing Federal Reserve Board Regulation Z, 12

1

C.F.R. 226.18; Romaker v. Crossland Mortgage Corp., 1995 U.S.Dist. LEXIS 22252, *24-5 (N.D.Ill.) ("[F]ailure to either remove the overbroad language or acknowledge the full extent of the interest in the TILA statement constitutes a misdisclosure of the security interest in violation of TILA.").[1] 12 C.F.R. § 226.18 states:

> **For each transaction the creditor shall disclose the following information as applicable:**
>
> **...(m)** *Security interest.* **The fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by item or type.**

Wells Fargo has moved to dismiss Ms. Abercrombie's complaint on the grounds that her mortgage required her to provide it notice and an opportunity to cure prior to filing suit, which she admittedly did not do. As explained below, Wells Fargo's motion must be denied, because 1) the mortgage provision on which Wells Fargo relies is inapplicable; 2) Wells Fargo's argument conflicts with the plain language of TILA; and 3) it is not possible to avoid TILA liability for initial disclosure violations by the inclusion of a notice and cure provision.

I. **THE CONTRACTUAL PROVISION RELIED ON BY WELLS FARGO IS INAPPLICABLE TO A DISCLOSURE VIOLATION WHICH OCCURRED AT THE INCEPTION OF THE LOAN.**

Even if it were permissible to avoid TILA liability with a contractual notice and cure provision, which it is not, as explained below, the provision in question does not assist Wells Fargo.

---

[1] The type of security interest created by the 1-4 family has uniformly been regarded as one that must be disclosed. Gambale v. Lomas & Nettleton Co., 80 B.R. 308, 309-10 (E.D.Pa. 1987); Searles v. Clarion Mtge. Co., 1987 U.S.Dist. LEXIS 11468 (E.D.Pa. 1987); In re Cervantes, 67 B.R. 816, 819 (Bankr.E.D.Pa. 1986); In re Parker, 80 B.R. 729, 730-31 (Bankr.E.D.Pa. 1987); In re Kessler, 76 B.R. 434, 436-7 (Bankr.E.D.Pa. 1987); see also, Doubet v. USA Fin. Serv., Inc., 714 F.Supp. 980 (C.D.Ill. 1987).

The plain language of the provision in question does not apply to this case. A TILA disclosure violation which occurred on the Truth in Lending statement does not "arise[] from the other party's actions pursuant to this Security Agreement", nor does plaintiff's complaint "allege[] that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument". (Par. 20 of the Mortgage, Cmplt. Ex. B)

If Ms. Abercrombie had alleged that Wells Fargo improperly seized her personal property, for example, Wells Fargo might have a point. However, she has made no such allegation, and instead complains of a disclosure violation on a separate document which occurred at the loan closing. Ms. Abercrombie has not alleged that Wells Fargo has taken any actions pursuant to the Security Agreement. She has also not alleged that Wells Fargo has breached the Security Agreement or any duty owed pursuant to that agreement. The cases Wells Fargo cites regarding conditions precedent are therefore inapposite, since the clause does not apply to the present dispute. In addition, none of the cases involved a TILA claim, and TILA specifically provides that the requirements of the TILA statute take precedence over any inconsistent state laws. 15 U.S.C. §1610.

In short, the contractual provision on which Wells Fargo's argument depends simply does not apply, and defendant's motion to dismiss must be denied.

**II.    WELLS FARGO'S ARGUMENT CONFLICTS
        WITH THE PLAIN LANGUAGE OF TILA.**

Wells Fargo contends that Ms. Abercrombie's complaint should be dismissed because she did not provide it notice and an opportunity to cure prior to filing suit. Defendant's argument is flatly at odds with the Truth in Lending section which governs how lenders may correct errors. That provision permits a lender to correct mistakes only <u>prior</u> to either written notice or the filing of an action by the obligor. <u>Lirtzman v. Spiegel, Inc.</u>, 493 F.Supp. 1029, 1033 (N.D.Ill. 1980). 15

U.S.C. §1640(b) provides as follows:

> (b) Correction of errors. A creditor or assignee has no liability under this section or section 108 or section 112 for any failure to comply with any requirement imposed under this chapter or chapter 5, if within sixty days after discovering an error, whether pursuant to a final written examination report or notice issued under section 108(e)(1) or through the creditor's or assignee's own procedures, and prior to the institution of an action under this section or the receipt of written notice of the error from the obligor, the creditor or assignee notifies the person concerned of the error and makes whatever adjustments in the appropriate account are necessary to assure that the person will not be required to pay an amount in excess of the charge actually disclosed, or the dollar equivalent of the annual percentage rate actually disclosed, whichever is lower.

Wells Fargo does not explain how its argument can be reconciled with this provision of TILA, and it cannot. TILA requires that errors be corrected before the borrower gives notice of such an error or files suit. Wells Fargo did not correct the error before Ms. Abercrombie filed suit, therefore Wells Fargo does not have the option to take corrective action pursuant to the plain language of TILA.

The requirements of TILA are not subject to waiver by consumers. The only provision for waiver in TILA is the provision which permits waiver of the three day right to rescind "to meet bona fide personal financial emergencies." 15 U.S.C. §1635(d) Courts have been very reluctant to allow any type of unknowing waiver to liability under TILA, even in settlements. Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178, 1182 (11th Cir. 1982) (release stating that car buyer was releasing car dealer from all claims arising out of new car did not encompass car buyer's claim under the Truth In Lending Act because car buyer was unaware that release would encompass such a claim). A clause hidden in a mortgage contract certainly does not pass muster, and hence could not be enforced even if it did apply to this dispute.

Moreover, it is unclear what type of "corrective action" could be taken in the face of

a TILA disclosure violation which occurred at the closing. At the very least, Wells Fargo is subject to the recognized limits on correcting TILA errors and the parameters of the bona fide error defense. Only certain types of TILA disclosure violations may be corrected by a lender pursuant to TILA, namely mathematical or clerical errors. Haynes v. Logan Furniture Mart, 503 F.2d 1161, 1167 (7th Cir. 1974); Courts have not permitted lenders to correct "informational errors" such as the error made by Wells Fargo in this case. Romaker v. Crossland Mortgage Corp., 1995 U.S.Dist. LEXIS 22252, *14-16 (N.D.Ill.) (rejecting bona fide error defense in case involving disclosure violation which lender claimed was caused by new computer program).

Wells Fargo's argument is contrary to the goals of TILA, which require that disclosures given prior to and at the inception of a transaction be accurate so that consumers can reliably compare the cost of credit. Williams v. Chartwell Financial Services, 204 F.3d 748 (7th Cir. 2000); Brown v. Marquette S. & L. Ass'n, 686 F.2d 608, 612 (7th Cir. 1982) (stating that the fundamental purpose of TILA is to provide information to facilitate comparative credit shopping and thereby the informed use of credit by consumers); Gibson v. Bob Watson Chevrolet-Geo, Inc., 112 F.3d 283, 285 (7th Cir. 1997) Gibson, 112 F.3d at 285 (stating that the purpose of TILA "is to protect consumers from being misled about the cost of credit"). If Wells Fargo is permitted to use its notice and cure provision, "corrective action" will not be taken until after the transaction was consummated, and the consumer figures out there was a mistake and asks Wells Fargo to fix it. This is completely contrary to the goals of TILA, and it shifts the burden of TILA compliance from the lender to the borrower. The borrower is entitled to accurate disclosures at the inception of the loan. Permitting Wells Fargo to issue incorrect disclosures and then to require the borrower to notify it that the disclosures were incorrect so that it can correct the faulty disclosures after the fact would

5

mean that Wells Fargo is free to ignore the TILA disclosure requirements. This court should refuse to adopt such an absurd position.

Wells Fargo has failed to cite a single case which provides that a notice and cure provision can be used to require notice before filing a TILA claim, because no such cases exist. Wells Fargo's motion to dismiss, which conflicts with the plain language of TILA must therefore be denied.

## CONCLUSION

For the reasons stated above, this Court should deny defendant's motion to dismiss.

Respectfully submitted,


s/Tara L. Goodwin
Tara L. Goodwin


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

6

## **CERTIFICATE OF SERVICE**

I, Tara L. Goodwin, hereby certify that on January 24, 2006, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Michael C. Andolina
mandolina@sidley.com

Mark B. Blocker
mblocker@sidley.com

                                                  s/Tara L. Goodwin
                                                  Tara L. Goodwin