**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LUCILLE ABERCROMBIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05 C 6145** |
| | ) | |
| **WELLS FARGO BANK, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

Plaintiff Lucille Abercrombie has filed suit against defendant Wells Fargo Bank.

Abercrombie obtained a home mortgage loan from Wells Fargo in March 2005. She claims that

Wells Fargo failed to disclose a security interest in certain of her personal property that was

created by the transaction, in violation of the Truth in Lending Act, 15 U.S.C. § 1637. Wells

Fargo has moved to dismiss Abercrombie's complaint for failure to state a claim upon which

relief can be granted. The Court denies the motion for the reasons discussed below.

In its motion, Wells Fargo does not challenge the allegation that it failed to disclose the

purported security interest. Rather, it asserts that any claim relating to the alleged nondisclosure

is barred by a "notice and cure" provision in the mortgage, which states that

> [n]either Borrower nor Lender may commence … any judicial action that arises
> from the other party's actions pursuant to this Security Instrument or that alleges
> that the other party has breached any provision of, or any duty owed by reason of,
> this Security Instrument, until such Borrower or Lender has notified the other
> party…of such alleged breach and afforded the other party hereto a reasonable
> period after the giving of such notice to take corrective action.

Compl., Ex. B ¶ 20. Abercrombie concedes that she did not provide notice or an opportunity to

cure pursuant to the agreement before filing this suit.

The issue before the Court is whether a borrower's noncompliance with a contractual notice and cure provision can excuse a lender's failure to comply with TILA's disclosure requirements. Neither party has cited any cases directly on point; as best as we can determine, this is a matter of first impression. For the reasons stated below, the Court holds that Abercrombie's failure to comply with the notice and cure provision does not entitle Wells Fargo to dismissal of her claim.

## Discussion

The notice and cure provision in Wells Fargo's contract with Abercrombie effectively permits the lender to contract its way around TILA's disclosure requirements. Enforcing this provision would undermine the Congress' intent in enacting TILA.

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601. The statute's legislative history makes clear, and the Supreme Court and Seventh Circuit have recognized, that it is the uniformity of the initial disclosures required by TILA that facilitates comparison shopping for credit. "[B]y requiring all creditors to disclose credit information in a uniform manner, and by requiring all additional mandatory charges imposed by the creditor as an incident to credit [to] be included in the computation of the applicable percentage rate, the American consumer will be given the information he needs to compare the cost of credit and to make the best informed decision on the use of credit." H.R. Rep. No. 1040, 90th Cong., 1st Sess. 13; S. Rep. No. 392,

90th Cong., 1st Sess., 3 (virtually identical language), *quoted in Anderson Bros. Ford v. Valencia,* 452 U.S. 205, 220 (1981); *see also, e.g., Williams v. Chartwell Fin. Svcs., Ltd.,* 204 F.3d 748, 751 (7th Cir. 2000); *Brown v. Marquette Sav. & Loan Ass'n*, 686 F.2d 608, 612 (7th Cir. 1982).

Enforcement of the notice and cure provision in Wells Fargo's contract would utterly defeat this central purpose of TILA. The provision requires the borrower, upon discovery of Wells Fargo's noncompliance with TILA's disclosure requirements, to give Wells Fargo a chance to take corrective action. But any such corrective action would, by definition, come too late to permit the borrower to compare credit terms: by that point, the borrower has already contracted with Wells Fargo and no longer has a choice among potential lenders.

Wells Fargo has cited no authority, and the Court has located none, permitting a lender effectively to gut TILA's initial disclosure requirements in this manner. Wells Fargo cites several cases in which courts have upheld contractual provisions requiring arbitration of TILA claims and precluding class-wide arbitration relief, even though the statute expressly permits class action suits to be filed in court. *See, e.g., Livingston v. Assocs. in Finance, Inc.,* 338 F.3d 553, 559 (7th Cir. 2003); *Randolph v. Green Tree Fin. Corp. - Alabama,* 244 F.3d 814, 917 (11th Cir. 2001); *Johnson v. West Suburban Bank,* 225 F.3d 366, 371 (3d Cir. 2000). Such decisions, however, do not conflict with TILA's central purpose as discussed above, as they do not concern the statute's substantive requirements. Rather, they deal only with the manner in which those requirements are enforced. As the court in *Johnson* stated, "[t]he 'right to proceed to a class action, insofar as the TILA is concerned, is a procedural one.'" *Johnson,* 225 F.3d at 371.

The only decision the parties cite that comes anywhere near addressing the issue

3

presented here is *Parker v. DeKalb Chrysler Plymouth*, 673 F.2d 1178 (11th Cir. 1982). In that case, the Eleventh Circuit refused to apply to a car buyer's TILA claim a contractual provision releasing the seller of "any and all claims" arising out of the purchase of the car, concluding that "the policies underlying TILA … do not permit [the court] to read [a consumer's] TILA rights into the [contract's] boiler plate language [releasing] 'any and all claims.'" *Id.* at 1182. Were this allowed, the court said, "the public interest in deterring inconsistent and undecipherable lending practices would be greatly hampered." *Id.* at 1181. As we have indicated, the same would be true were the Court to enforce Wells Fargo's notice and cure requirement and thereby bar Abercrombie's claim.

In sum, the Court has found no authority supporting the enforcement of a contractual provision that amounts to a waiver of TILA's initial disclosure requirements. To the contrary, "[a] statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704 (1945). As the Court has made clear, contravention of the policy underlying TILA's disclosure requirements is precisely what would occur were we to enforce the notice and cure provision in Wells Fargo's contract. Because "waiver of [the borrower's] statutory rights would defeat the paramount congressional purpose behind" TILA, *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 51 (1974) (regarding a contractual waiver of an employee's rights under Title VII of the Civil Rights Act of 1964), Abercrombie's noncompliance with the notice and cure provision does not entitle Wells Fargo to dismissal of her claim.

**Conclusion**

For the reasons stated above, the Court denies defendant's motion to dismiss [docket no. 12]. Defendant is directed to answer the complaint on or before March 13, 2006. The case remains set for a status hearing on March 16, 2006 at 9:00 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 3, 2006